UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GE HOMELAND PROTECTION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DSA DETECTION LLC, DAVID RUTTER,<br>ALAN RETTER, STEPHEN MILT, LOURDES<br>SWEENEY, and ANGELA SHELBY,<br><br>Defendants. | Civil Action No. 06-11962-RGS<br><br>*EXPEDITED DETERMINATION<br>REQUESTED* |

## EMERGENCY MOTION TO MODIFY
## PRELIMINARY INJUNCTION SCHEDULE

Plaintiff GE Homeland Protection, Inc. ("GE"), hereby moves the Court (1) for an extension of time to prepare its Reply Brief in support of its Motion for Preliminary Injunction of at least two weeks, to no earlier than May 17, 2007, (2) to vacate the May 17 hearing, and (3) to convene a scheduling conference to reset the date for hearing GE's preliminary injunction motion to a date, at the Court's earliest convenience, postdating May 17.  Presently, GE's reply is due May 3, and the hearing is set for May 17.  As grounds therefore, GE states as follows:

1.  GE's request for a scheduling adjustment is due to a number of reasons, but primarily due to Defendant DSA's late production of documents.  Pursuant to an agreement of the parties reached after GE moved for expedited discovery, defendants produced documents on January 16, 2007.  That document production did not contain documents evidencing (1) any alleged "reverse engineering" of GE's membrane design, or (2) any alleged "reverse engineering" of the manufacturing process for calibration or

verification traps. Indeed, while DSA has recently testified that it manufactures its own calibration traps, DSA did not produce in January, and still has not produced, any documents setting out its manufacturing process.

2. Earlier this month, well after the stipulated date of January 16 for the parties to exchange documents, DSA produced over 2,000 pages of electronic documents that it now claims demonstrate tests that were performed by DSA as part of an effort to develop its own calibration trap manufacturing process. Two days ago, DSA produced a number of additional documents that it claims show that a third party recently "reverse engineered" GE's membrane design. Both sets of documents are highly relevant to assertions made by DSA in its Opposition to GE's Motion for Preliminary Injunction, which was filed last Thursday, April 19.

3. GE needs adequate time to respond properly to these new documents and arguments made by DSA. GE is greatly hampered in this effort because the documents in question are technical, yet DSA refuses to allow GE to show <u>any</u> DSA documents to <u>any</u> GE employee, even if such employee were to make an appropriate undertaking pursuant to a Protective Order. Moreover, the parties have not yet been able to agree on all the terms of a Protective Order -- another issue that will need to be addressed by the Court.

4. Furthermore, there is other, significant discovery that has yet to be completed, regarding the documents and deposition of a non-party, Dr. Ching Wu. Dr. Wu is yet another former GE employee and insider who worked with and had intimate knowledge of GE's trade secrets regarding both calibration and verification traps, and membrane design. DSA relies heavily on Dr. Wu in its Opposition, arguing that Dr. Wu was the technical consultant that DSA hired to develop its calibration trap manufacturing process,

as well to work on membrane design. Indeed, DSA submitted an affidavit from Dr. Wu with its Opposition. While GE subpoenaed Dr. Wu on April 4 for his documents and a deposition, Dr. Wu's documents (which include over a thousand electronic files) were only received late Wednesday, April 25, and his deposition has yet to go forward.

5. In short, additional time is required to review the newly produced documents and prepare an appropriate response. Additionally, there is key discovery remaining, including Dr. Wu's deposition. GE therefore suggests, in addition to the scheduling adjustments sought herein, that the Court hold a brief scheduling conference as soon as possible to reset the hearing, determine the scope of the hearing, and address other matters that appear likely to be before the Court.[1]

6. DSA will not be prejudiced by this brief delay and should not object. Indeed, it was DSA that requested and was given six weeks to file its Opposition to GE's original motion, which relied upon DSA's own previously produced documents, and was supported by three simple party affidavits. In contrast, DSA's Opposition relies upon documents that were not even produced when the Opposition was filed and includes eight party, non-party and expert declarations of varying length and on a wide variety of topics. GE's request for additional time is reasonable under the circumstances.

---

[1] As noted above, it is likely that at least the Protective Order issue will need to be addressed by the Court, as well as GE's ability to review DSA's documents.

Respectfully submitted,

GE HOMELAND PROTECTION, INC.,
By its attorneys,

/s/ Douglas C. Doskocil
John C. Englander (BBO # 542532)
Douglas C. Doskocil (BBO # 558949)
Elianna J. Marziani (BBO # 663354)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

April 27, 2007

## LOCAL RULE 7.1 CERTIFICATION AND CERTIFICATE OF SERVICE

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel hereby certifies that counsel for Plaintiffs have conferred with counsel for defendants regarding the relief sought herein and attempted in good faith to resolve this issue prior to filing. The undersigned counsel further certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 27, 2007.

/s/ Douglas C. Doskocil

LIBA/1784875.1

4