UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GE HOMELAND PROTECTION, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>DSA DETECTION LLC, DAVID RUTTER, ALAN RETTER, STEPHEN MILT, LOURDES SWEENEY, and ANGELA SHELBY,<br><br>    Defendants. | C.A. No. 06-11962-RGS |

### DEFENDANTS' MOTION FOR LEAVE TO TAKE DEPOSITIONS OUTSIDE DISCOVERY PERIOD

Defendants (collectively "DSA") move for an order permitting three depositions to proceed notwithstanding the close of fact discovery on November 2, 2007. Two of these depositions are trial depositions[1] of James Rodgers and Michael Spare of SRM Mouldings, Ltd. on November 27 and 28, subject to the witnesses' schedules. The third is the deposition of GE's Chief Technology Officer, William McGann, to take place on November 15, 2007. This date was set to accommodate Mr. McGann's schedule, and GE has assented to this latter deposition.

SRM Mouldings, Ltd. is a British company that supplies DSA's membranes. SRM plays a central role in this litigation. GE's allegations of trade secret misappropriation with respect to membranes relies almost entirely on *SRM*'s actions. GE contends that *SRM* misappropriated GE's trade secrets in selling membranes to DSA, and that DSA is liable for SRM's misappropriation. (*See, e.g.* GE's Reply in Support of its Motion for Preliminary Injunction (filed May 17, 2007) at 3 ("DSA sought, accepted, and sold membranes made by SRM in accordance with GE's proprietary design, ***with knowledge that SRM was violating its obligations to GE***.") (emphasis added). Yet SRM is the only entity who would know whether, in

---

[1] That is, depositions intended to be introduced at trial, the deponents being unavailable to testify, as opposed to ordinary discovery depositions.

fact DSA's membrane design was made "in accordance with GE's proprietary design." As a result, before fact discovery closed, DSA noticed the deposition of James Rodgers and Michael Spare, individuals at SRM knowledgeable about the relevant issues in this case. (*See* Ex. A & Ex. B.) DSA now seeks leave to take those depositions on November 27 or 28, or on a date mutually agreeable to the parties and to the witnesses, notwithstanding the close of fact discovery.

SRM is located outside the subpoena power of the United States Courts. SRM is not expected to voluntarily appear at trial, and it cannot be compelled to do so. SRM may voluntarily agree to be deposed (pursuant to Fed. R. Civ. P. 28(b)(3) or (4)), or its deposition may be compelled under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555, *reprinted in* 28 U.S.C.A. § 1781 (the "Hague Evidence Convention").

Because SRM is not expected to appear at trial, DSA proposes to conduct a trial deposition of SRM—that is, a deposition intended to be introduced at trial in lieu of live testimony under Fed. R. Evid. 804(b)(1) and Fed. R. Civ. P. 32.

It is widely acknowledged that such trial depositions may be conducted outside of the discovery period. *See, e.g., Charles v. Wade,* 665 F.2d 661, 664 (5th Cir. 1982) ("Although the discovery period had indeed closed at the time appellant made his motion, the requested deposition would not have been taken for purposes of discovery but as the testimony of a witness unavailable for trial. . . . The distinction is a valid one. Appellant was not seeking to discover Nixon's testimony-appellant knew what Nixon had to say-but was seeking a means for introducing Nixon's testimony at trial. A party to a lawsuit obviously is entitled to present his witnesses. The fact that the discovery period had closed had no bearing on appellant's need, or his right, to have the jury hear Nixon's testimony."); *see also Estenfelder v. Gates Corp.*, 199 F.R.D. 351 (D.Colo.2001) ("[C]ourts cannot ignore a party's need to preserve testimony for trial, as opposed to the need to discover evidence, simply because the period for discovery has

expired.")  Because the purpose of this deposition is to adduce and preserve *trial* testimony, rather than to discover information relevant to DSA's claims or defenses, that there is little justification for requiring that the deposition take place within the discovery period.

Moreover, under British law, "pre-trial discovery"—that is, discovery not taken expressly for the purpose of introduction at trial—is forbidden, and may not be compelled under the Hague Evidence Convention.  *See* the *Westinghouse* case, [1978] AC 547, 567, 1977 WL 58879 (Roskill, L.J.) ("[T]his court will not facilitate what I can, with sufficient accuracy, call the United States pretrial discovery procedure by allowing letters rogatory to be issued solely for the purpose of obtaining in this country pre-trial discovery in the strict sense of that phrase.  ***It has been said that the evidence sought must be evidence directed to use at the trial itself***."); *see also id.* at 608 (Lord Wilberforce) (noting that, under British precedent, only testimony that is directly relevant to the issues in dispute may be compelled).  And British courts look with suspicion at Letters of Request issued during the discovery period, since such testimony is more apt to be viewed as forbidden pre-trial discovery.  *See id.* at 643 (Lord Fraser) ("[T]he mere fact that letters rogatory have been issued at the pre-trial discovery stage does not mean that they are not seeking [pre-trial evidence] but it does, so to speak, put one on one's guard.").  Since pre-trial discovery is forbidden under British law, there is a substantial chance that any attempt to compel SRM's deposition during the discovery period would have been unsuccessful.

DSA does not yet know whether the SRM witnesses, Messrs. Rodgers and Spare, will agree to be deposed voluntarily.  Mr. Spare is on vacation until November 12, and Mr. Rodgers was unwilling to commit without speaking with Mr. Spare.  If the witnesses do not agree, DSA will apply to this Court for issuance of Letters of Request under the Hague Evidence Convention. In either event, DSA respectfully requests that the Court issue an order permitting these trial depositions to take place outside the discovery period.

GE's only stated grounds for objecting to this request is that GE contends that the pre-trial schedule (and, in particular, the deadlines for expert reports) will be required to be moved

forward by a month to account for these depositions.  DSA would not oppose such a request.  Nevertheless, GE maintains its objection to DSA's requested relief, with no articulated justification.  Certainly, there is no prejudice to GE, particularly if the pre-trial schedule is altered to account for the depositions.

SRM's testimony is central to the present dispute.  Both GE and the Court heavily relied on evidence from SRM during the preliminary injunction proceedings.  The evidence included emails whose contents were unexplained because their authors were unavailable.  At trial, it would be manifestly unfair to deny DSA the opportunity to present the testimony of these SRM witnesses to present a firsthand account of the actual events that transpired, and an explanation of the actual meanings of the documents that have formed a central part of GE's case.

For the foregoing reasons, DSA respectfully requests that the Court issue an order permitting the depositions of Messrs. McGann, Rodgers, and Spare to take place on the dates set forth above, or on dates mutually agreeable to the parties and the witnesses, notwithstanding the close of discovery on November 2, 2007.

| | |
|---|---|
| Dated:  November 7, 2007 | /s/ Thomas A. Brown<br>Frank E. Scherkenbach (BBO# 653,819)<br>Craig R. Smith (BBO# 636,723)<br>Thomas A. Brown (BBO# 657,715)<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, MA 02110<br>(617) 542-5070<br>Attorneys for Defendants<br>DSA Detection LLC, David Rutter, Alan Retter, Stephen Milt, Lourdes Sweeney, and Angela Shelby |

CERTIFICATE OF CONFERENCE

I hereby certify that on November 6, 2007, I conferred with counsel for the plaintiff in an effort to narrow the issues presented by this motion. Plaintiff assented to a deposition of Mr. McGann on November 15, but otherwise did not assent to the relief requested.

/s/ Thomas A. Brown
Thomas A. Brown


CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this seventh day of November, 2007.

/s/ Thomas A. Brown
Thomas A. Brown

21778099.doc